FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 NOV 15 PM 4: 51

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

CASE NO. 8:16-cr-491-T-23-AEP
18 U.S.C. § 2252(a)(4)(B)

PHILLIP RUSSELL PENALOZA

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, and continuing through on or about August 26, 2016, in the Middle District of Florida, and elsewhere,

PHILLIP RUSSELL PENALOZA,

the defendant herein, did knowingly possess one or more books, magazines, periodicals, films, video tapes, and other matter which contained any visual depiction that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by a computer, and the producing of such visual depictions involved the use of a minor engaged in sexually explicit conduct and such visual depictions were of such conduct; and the depiction involved a prepubescent minor who had not attained 12 years of age.

In violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

## **FORFEITURE**

1.  The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 2253.

2.  From his engagement in the violation alleged in Count One of this Indictment, the defendant,

PHILLIP RUSSELL PENALOZA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all of his right, title, and interest in:

    a.    any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Sections 2251 through 2258;

    b.    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to:

  a. Samsung cellular phone, model SGH-TS99N, with serial number 351938/06/983802/3;

  b. LG cellular phone, model LGMS345, with serial number 354626-07-159059-4;

  c. Alcatel cellular phone, model One Touch, with serial number 014316000853030; and

  d. ZTE cellular phone, model Z828, with serial number 3297648401D1.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

           A. LEE BENTLEY, III
           United States Attorney

By: */s/ Lisa M. Thelwell*
    Lisa M. Thelwell
    Assistant United States Attorney

By: */s/ Stacie B. Harris*
    Stacie B. Harris
    Assistant United States Attorney
    Chief, Major Crimes Section